**United States Bankruptcy Court**
District of New Jersey
Mitchell H. Cohen U.S. Courthouse
P.O. Box 2067
Camden, New Jersey    08101

**JUDITH H. WIZMUR**                                                                                           (856) 757-5126
Chief, U.S. Bankruptcy Judge

December 6, 2011

Joseph T. Margrabia, Jr., Esq.
309 North Delsea Drive
Glassboro, New Jersey    08028

      Re:   David and Wanda Allen
            Case No. 09-23581/JHW

Dear Mr. Margrabia:

      I am in receipt of your motion for refund of unclaimed funds from the bankruptcy court registry.  I must deny your request, because the funds are earmarked for National City Mortgage Company, and cannot be returned to you.

      There is a difference between surplus assets and unclaimed funds.  Unclaimed funds remain earmarked for a particular creditor.  Surplus funds, to the extent that they exist, do revert to the debtor.  There is no indication here that the funds in question are surplus funds.  The deposit was made with respect to a particular creditor.  "Unclaimed funds" in a Chapter 13 case are not returnable to the debtor.  See, e.g., In re Transport Group, Inc., No. 93-30015, 2007 WL 1083887 (Bankr. W.D.Ky. Apr. 9, 2007); In re Bradford Production, Inc., 375 B.R. 356, 361 (Bankr. E.D.Mich. 2007).  Here, the debtors' modified Chapter 13 plan, which provided for payment of arrearages to the National City Mortgage Co., was confirmed on January 27, 2010.  The fact that the case was ultimately dismissed does not change the entitlement of the creditor, or its successor, to access the funds.

      In In re Transport Group, Inc., Judge Stosberg concluded that a Chapter 7 debtor was not entitled to recover the unclaimed funds from the registry.  No. 93-30015, 2007 WL 1083887 (Bankr. W.D.Ky. Apr. 9, 2007).  He stated that "the debtors are not claimants with any right to these unclaimed funds. Instead, the funds belong to the original creditors of the debtors' bankruptcy estates." Id. at *1.  He explained:

> The debtors confuse the concepts of surplus assets with unclaimed funds.  Surplus assets, as the name denotes, are assets left over after the payment of all allowed claims.  Unclaimed funds, however, belong to a particular creditor, that has failed to collect or receive those funds.  In the cases before this Court, the assets in question

>are unclaimed funds, and not surplus assets as the debtors suggest. This Court must hold unclaimed funds until properly petitioned by the rightful owners of the funds. Under 28 U.S.C. § 2042, the burden of proof is upon any movant to show its right to the unclaimed funds. In these cases, the individual creditors are the "rightful owners" and, as such, only they may petition the Court for turnover of unclaimed funds.

Id. The debtor's request was denied. See also In re Chaffin, No. 99-51329-C, 2008 WL 5459427, *1 (Bankr. W.D.Tex. Nov. 3, 2008) ("the fact that some creditors cannot be located and so do not receive their distributions does not transform the unclaimed funds into a surplus to be distributed back to the debtor"). Judge Shefferly in In re Bradford Production, Inc., adopted the Transport Group reasoning, stating that the "rightful owners of the unclaimed funds in this case are the creditors to whom these distributions were intended to be made". 375 B.R. 356, 361 (Bankr. E.D.Mich. 2007). But see In re Atkins, 343 B.R. 283 (Bankr. M.D.Fla. 2005) (relying on equitable principles to give the unclaimed funds to the debtor when the last remaining creditor could not be located).

As indicated by the statutory language, Chapter 7 and Chapter 13 debtors are treated the same as far as their rights to any unclaimed funds. 11 U.S.C. § 347(a); 28 U.S.C. § 2042. To the extent that the particular creditors of the Chapter 13 bankruptcy do not claim their distribution, the Chapter 13 debtor is not "entitled" to any "unclaimed" property. If the property is not claimed within five years, the money escheats to the United States Treasury.

Here, the funds in question that were deposited into the bankruptcy court registry belong to the creditor National City Mortgage Company. I cannot authorize the distribution of the funds to the debtors.

The application is denied. An order is enclosed.

Very truly yours,

JUDITH H. WIZMUR
CHIEF JUDGE
U.S. BANKRUPTCY COURT

Enclosure
JHW:tob